# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH, | ) 1:13-cv-00880-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING |
| v. | ) COMPLAINT WITH LEAVE TO AMEND |
| | ) (ECF No. 1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

### I. Screening Requirement and Standard

Plaintiff Clifford ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 12, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Institution for Men in Chino, California. The events alleged in the complaint occurred while Plaintiff was housed at Pleasant Valley State Prison ("PVSP").  Plaintiff names the following defendants:  (1) California Department of Corrections and Rehabilitation ("CDCR"); (2) John Doe #1, PVSP Warden; (3) John Doe #2, PVSP Chief Medical Officer; (4) Dr. Green, PVSP Physician; and (5) Dr. Randolph Wilson, III, PVSP Physician.

Plaintiff alleges:  In 2013, Plaintiff was 47 years old.  He is identified by CDCR as having a disability.  At the time he entered CDCR, he suffered from asthma, allergies and heart disease.

On August 21, 2009, Plaintiff was issued a comprehensive accommodation chrono that restricted him to a ground floor cell, and a bottom bunk.  The chrono was issued because

1  Plaintiff suffered a stroke that caused mobility impairment while housed at the Sierra
2  Conservation Camp.
3        On or about October 9, 2009, Plaintiff was transferred to PVSP because of his mobility
4  impairment.  PVSP is a designated facility for mobility impairments.  However, due to Plaintiff's
5  asthma and heart disease, his placement at PVSP placed him in danger of contracting Valley
6  Fever.
7        Upon arriving at PVSP, Plaintiff complained to the attending doctor that he feared
8  contracting Valley Fever because of his condition.  Both Defendants Green and Wilson rejected
9  Plaintiff's concerns and approved his continued housing at PVSP.
10        On August 19, 2010, Plaintiff was placed into the local hospital, suspected of contracting
11  Valley Fever.  He was discharged from the hospital on August 26, 2010, with diagnoses of
12  pneumonia, Valley Fever and hypertension.
13        On October 11, 2010, Plaintiff submitted a CDC-602 regarding his inappropriate
14  placement at PVSP and his contraction of Valley Fever.
15        On January 10, 2011, nearly five months after his release from the hospital, Plaintiff was
16  still being housed at PVSP and feeling the effects of Valley Fever.  The only way to convince
17  staff to transfer him was to request that his condition of impairment be upgraded and for his
18  disability designation be changed from DPM to DNM.  The DNM designation would allow
19  Plaintiff to be transferred.
20        On January 10, 2011, Plaintiff was issued a revised comprehensive accommodation
21  chrono, removing all previous accommodations except ground floor and bottom bunk housing.
22        On August 28, 2011, the Associated Press revealed a similar case of an inmate
23  contracting Valley Fever while housed in the Central Valley.  Like that case, Plaintiff alleges that
24  the CDCR was negligent in placing Plaintiff in a prison where it knew Valley Fever was
25  rampant.  CDCR had an obligation to provide a safe place for Plaintiff.  CDCR knew that
26  Plaintiff, an African-American, was particularly vulnerable to the disease.
27        Before February 2012, Plaintiff was transferred to Ironwood State Prison, where he was
28  provided a wood cane, vest and job assignment restrictions.  Plaintiff was transferred to the

California Institute for Men and has been prescribed a C-PAP machine for his breathing as a result of contracting Valley Fever.

On April 30, 2013, a web site reported that a medical expert declared the situation at Pleasant Valley and Avenal Prisons a public health emergency. On May 2, 2013, the news reported that J. Clark Kelso, a federal receiver for CDCR medical issues, asked the CDCR to stop transferring high risk inmates to PVSP.

Plaintiff seeks declaratory and injunctive relief, along with damages.

### III. Discussion

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link John Doe #1, PVSP Warden, and John Doe #2, PVSP Chief Medical Officer, to a constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

#### B. Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe defendants (i.e.,

4

unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the John Does.

**C. Eleventh Amendment**

To the extent Plaintiff seeks to bring claims against CDCR for monetary damages, he may not do so.  The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Ci r.2007).  As such, the Eleventh Amendment bars any claim for monetary damages against CDCR.

**D. Deliberate Indifference/Cruel and Unusual Punishment**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Here, Plaintiff has not set forth sufficient factual allegations to state a claim for deliberate indifference against Defendants Green and Wilson or any other individual defendant.  Plaintiff has not included factual allegations demonstrating that these defendants knew of a substantial risk of serious harm to Plaintiff related to contracting Valley Fever and failed to take reasonable steps to abate it.  Plaintiff will be given leave to cure this deficiency.

**E. Declaratory Relief**

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426,

5

431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### F.  Injunctive Relief

To the extent Plaintiff seeks injunctive relief regarding his placement at PVSP, this request is moot. Plaintiff has been transferred to the California Institution for Men. A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam). There is no indication that Plaintiff expects to be transferred back to PVSP. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

### IV.  Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **October 14, 2014**              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE