# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>GREEN, et al.,<br><br>            Defendants. | 1:13-cv-00880-DAD-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, (ECF No. 27), REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>ORDER REQUIRING PLAINTIFF TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 24)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Clifford Smith ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed his complaint in this action on June 12, 2013.  This action currently proceeds on Plaintiff's first amended complaint against Defendants Green, Wilson and Rohrdanz for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.    Relevant Procedural History**

On December 28, 2015, Defendants filed a motion for summary judgment. Fed. R. Civ. P. 56. (ECF No. 24.) Plaintiff did not respond to the motion, so on February 26, 2016, the Court ordered Plaintiff to file a response within thirty (30) days of service of that order. (ECF No. 26.) Plaintiff again failed to file any response and did not otherwise communicate with the Court.  As

1  a result, on April 7, 2016, the Court issued findings and recommendations recommending
2  dismissal of this action for failure to prosecute and failure to obey a court order. (ECF No. 27.)
3        On April 20, 2016, Plaintiff filed objections to the findings and recommendations,
4  explaining that from October 25, 2015 through January 14, 2016, he was in administrative
5  segregation pending adjudication of allegations that he committed a serious rules violation. (ECF
6  No. 28.) Plaintiff explains that he was served with Defendants' motion for summary judgment,
7  but while in administrative segregation, he had no access to legal materials, writing implements,
8  envelopes, postage, or the law library. Now that Plaintiff has been found not guilty of the
9  disciplinary charge and has been returned to the general population, he believes he can submit a
10 response to Defendant's motion for summary judgment within thirty (30) days.
11       Defendants responded to Plaintiff's objections, arguing that this matter should still be
12 dismissed due to Plaintiff's failure to obey the Court's February 26, 2016 court order, which was
13 issued after Plaintiff was released from administrative segregation. (ECF No. 29.) Plaintiff does
14 not discuss the Court's February 26, 2016 court order in his objections.

**II.  Discussion**

In these circumstances, the Court finds it proper to vacate its findings and recommendations, and grant Plaintiff's request for a thirty (30) day extension of time to respond to Defendants' motion for summary judgment. Plaintiff has sufficiently explained his inability to respond to Defendants' motion for summary judgment, and is now engaging in prosecuting his case. Plaintiff's submissions show he has been attempting to recover his property since his release from administrative segregation, and it appears his lack of compliance with the Court's February 26, 2016 order was likely inadvertent. However, Plaintiff is admonished that compliance with the Court's orders is essential, and his timely compliance is expected.

Accordingly, it is HEREBY ORDERED that:

1. The Findings and Recommendations issued on April 7, 2016 (ECF no. 27) are VACATED;

///

///

2.	Plaintiff SHALL file an opposition or a statement of non-opposition to Defendants' motion for summary judgment (ECF No. 24) within thirty (30) days of the date of service of this order; and

3.	**Plaintiff is warned that the failure to comply with this order will result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 27, 2016**               /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE